J-A07027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TIMOTHY SCHILLINGER | : | |
| | : | |
| Appellant | : | No. 1987 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 2, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0007531-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED MAY 06, 2019**

Appellant, Timothy Schillinger, appeals from the May 2, 2018 Judgment of Sentence imposed after he entered an open guilty plea to one count each of Stalking and Terroristic Threats.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  With this appeal, Appellant's counsel has filed an Application for Leave to Withdraw as Counsel and an ***Anders***[2] brief.  We affirm the Judgment of Sentence and grant counsel's Application to Withdraw.

On February 16, 2018, the Appellant entered an open guilty plea to one count each of Stalking and Terroristic Threats.  On May 2, 2018, the court

---

[1] 18 Pa.C.S. § 2709.1(a)(1), and 18 Pa.C.S. § 2706(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

---

\*   Former Justice specially assigned to the Superior Court.

sentenced Appellant to two consecutive terms of two to five years' incarceration. Appellant did not file a Post-Sentence Motion.

On May 21, 2018, Appellant filed a timely *pro se* Notice for Appeal with this Court. After this Court sent Appellant's trial counsel a Docketing Statement to review and complete, trial counsel filed a Motion to Withdraw as Counsel, explaining, *inter alia*, that the terms of his representation agreement with Appellant terminated as of the sentencing date. This Court granted the Motion to Withdraw, and ordered the trial court to appoint new counsel.

On September 10, 2018, the trial court appointed new counsel ("appellate counsel") to represent Appellant. He subsequently filed an ***Anders*** Brief and an Application for Leave to Withdraw as Counsel. In response, Appellant has filed numerous documents, raising additional claims and requesting to withdraw his guilty plea and remove appellate counsel as his representative.

As a preliminary matter, we address appellate counsel's Application to Withdraw as Counsel. "When presented with an ***Anders*** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to ***Anders***, our Supreme Court has determined that counsel must meet the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Appellate counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, appellate counsel confirms that he sent Appellant a copy of the *Anders* Brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because appellate counsel has satisfied the above requirements, it is generally this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Anders*, 386 U.S. at 744. However, because Appellant filed *pro se* responses to the *Anders* brief, our independent review is limited to those issues raised in the *Anders* brief. *Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015). We then review the subsequent *pro*

*se* responses and consider the merits of the issues contained therein and rule upon them accordingly. *Id.* at 333-34.

Counsel raised the following issue in the *Anders* Brief:

Did the lower [c]ourt improperly fail to explain why it imposed a sentence above the aggravated range suggested by the Sentencing guidelines.

*Anders* Brief at 3.

In his *pro se* responses, Appellant also challenges the discretionary aspects of his sentence, in addition to asserting numerous claims of ineffective assistance of counsel. *See* Appellant's *Pro Se* Response, filed 2/3/19 at 5, 11, 13-15.

**Discretionary Aspects of Sentencing**

Appellant challenges the discretionary aspects of his sentence, contending that the trial court improperly imposed a sentence in excess of that suggested by the sentencing guidelines without explaining the departure. *See Anders* Brief at 8, 11-14.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant met the first element by filing a timely Notice of Appeal. However, he fails to satisfy the second element, as the issue was not properly preserved. To preserve a challenge to the discretionary aspects of his sentence, a defendant must raise the issue at sentencing or in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004); *see Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *McAfee*, 849 A.2d at 275 (citation omitted). Here, Appellant failed to raise his claim at the sentencing hearing or in a post-sentence motion. Therefore, his challenge to the discretionary aspects of his sentence is waived.

## Ineffective Assistance of Counsel

In his *pro se* responses to the *Anders* brief, Appellant raises various ineffective assistance of trial counsel claims related to his guilty plea, sentence, and counsel's alleged failure to research and investigate. He also claims that appellate counsel was ineffective because he failed to argue that the sentencing transcript was altered, and avers that appellate counsel was

working against him.[3]  **See** Resp. to Anders Br., filed 1/3/19; Resp. to Anders Br., filed 1/4/19; Resp. to Anders Br., filed 1/18/19; Appellant's Br., filed 2/14/19; Appellant's Br., filed 2/25/19; Appellant's Br., filed 3/5/19.  We decline to address these challenges.

Absent extraordinary circumstances, ineffective assistance of counsel claims are to be deferred for review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546 review.  **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013); **Commonwealth v. Devine**, 26 A.3d 1139, 1143 (Pa. 2011).  The Pennsylvania Supreme Court has limited those extraordinary circumstances to: (1) where the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; or (2) where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence.  **Holmes**, 79 A.3d at 563-64.

Here, Appellant's claims do not fall under the limited circumstances in which ineffective assistance of counsel claims may be reviewed on direct appeal.  Accordingly, we decline to review them at this juncture.

_____

[3] We construe Appellant's *pro se* filings liberally.  **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006).  However, *pro se* status confers no special benefit upon Appellant.  **Id.**  We will not act as counsel nor develop arguments on behalf of Appellant.  **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014).

In sum, we find that Appellant has waived his challenge to the discretionary aspect of his sentence and raised his ineffectiveness of counsel claims prematurely. We, therefore, conclude that neither Appellant's counsel nor Appellant have identified any non-frivolous issues for us to address on appeal. We affirm Appellant's Judgment of Sentence and grant appellate counsel's Application to Withdraw as Counsel.[4]

Judgment of Sentence affirmed. Appellate counsel's Application for Leave to Withdraw as Counsel granted.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19

---

[4] Further, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018).